### Abram S. Turk v. Edwin R. Elliott.

1. FORCIBLE DETAINER—*Informalities in the Proof on Appeal.*—In a forcible detainer suit both parties proceeded to trial as though it was a conceded fact that the defendant occupied the room described in the complaint, and the defendant claimed the right to continue to occupy the room. The evidence identified the premises in controversy as a room in a building in the city of L., owned by the plaintiff and occupied by the defendant, and it appeared that written notice to surrender it, by the description given in the complaint, was served on the defendant. *Held*, that an objection that more formal and precise description was not made on the trial could not be raised for the first time on appeal.

**Forcible Detainer.**—Appeal from the County Court of Montgomery County; the Hon. GEO. R. COOPER, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed February 25, 1897.

ZINK & KINDER, attorneys for appellant.

PAUL McWILLIAMS and CREIGHTON & GARDNER, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The plaintiff below was Adeline Elliott, and she recovered

judgment in forcible detainer against the appellant upon a complaint, the allegation whereof is, that appellant "unlawfully withholds from her the possession of certain premises in said county, described as follows, to-wit:

"The first floor, now occupied as a clothing store, in the building on the northeast corner of lot one, in block twenty-one, of the original plat of the town, now city, of Litchfield."

Appellees are the legal heirs of said Adeline Elliott, she having departed this life.

The real contention between the parties, as clearly appears from the testimony, and the propositions presented by appellant to be held by the court as the law of the case, was whether, under the contracts and agreement between the parties, appellant, who had occupied the store room for a number of years as tenant of the plaintiff, was entitled to continue in such possession as her tenant or was bound to surrender to her on the first of May, 1896, as she had demanded in writing he should do.

Appellant had occupied the building without a written lease, and, so far as we can determine from the evidence, without any definite agreement as to the period of time of occupany. He paid rent monthly. There was not a little testimony to the effect he regarded his tenancy as not for any fixed period, and sufficient other testimony to warrant the conclusion it was understood between the parties his holding was by the month only. Demand for possession was given in writing upon the theory his tenancy was by the month. We can not say the court erred in finding he was a tenant by the month, and that his holding was unlawful when the complaint was filed.

It is urged as a further ground of reversal, first, that it was not proven the appellant was in possession of any room on the day the suit was instituted; second, that it was not proven the appellant was at any time in possession of the room described in the complaint and judgment.

It sufficiently appeared from the testimony the appellant, as tenant of the plaintiff, occupied a business room in Litchfield when the notice to surrender possession was served,

and for some years before that, and that he was still occupying the room at the time of the hearing; therefore, the first of said alleged grounds of error is not tenable. It is true, as urged on the second ground for reversal, the room in question was not identified by the full description contained in the complaint.

The evidence was directed to the real controversy, which was whether the appellant held the premises, the possession whereof plaintiff sought to recover by the complaint, as a tenant by the month, and formal proof that the room in dispute was on the northeast corner of lot No. 1, etc., and as set forth in the complaint was not made.

But it is manifest both parties proceeded in the trial as though it was a conceded fact the appellant occupied the room described in the complaint as a clothing store, and upon his part the appellant claimed his right to so occupy the room had not expired when the action was commenced.

The evidence identified the premises in controversy as a room in a building in Litchfield, owned by the plaintiff, and occupied by the appellant as a clothing store, and it clearly appeared written notice to surrender the same room by the same description as given in the complaint was served upon the appellant.

That more formal and precise description had not been made was not specifically raised in the trial court, and it would, under the circumstances of the case, be manifestly unjust to allow it to be raised for the first time in this court. The judgment is affirmed.